UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2024
```

ROBERT BROWN,

                Petitioner,

-v.-

SUPERINTENDENT W. LEE,

                Respondent.

21 Civ. 2854 (JHR) (KHP)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

    On April 1, 2021, pursuant to 28 U.S.C. § 2254, Petitioner Robert Brown, acting *pro se*, filed a petition for a writ of habeas corpus (the "Petition") in connection with his August 1, 2016 state-court convictions for burglary, unauthorized use of a vehicle, third-degree grand larceny, fourth-degree grand larceny, tampering with physical evidence, and reckless endangerment.[1] *See* ECF No. 2. On September 9, 2022, the Petition was referred to Magistrate Judge Katharine H. Parker. ECF No. 37. On March 24, 2023, Petitioner filed a motion for summary judgment (the "Motion") on the Petition. ECF No. 40. On August 25, 2023, following reassignment to this Court, the Court amended the referral to Judge Parker to include Petitioner's Motion. ECF No. 45.[2] On September 15, 2023, Judge Parker issued a Report and Recommendation (the "Report") recommending that the Court deny both the Motion and the Petition in their entirety. *See* ECF No. 49. For the reasons stated below, the Court adopts the Report in full.

### I.    PROCEDURAL HISTORY

    On September 18, 2023, a copy of the Report was mailed to Petitioner at Coxsackie Correctional Facility. *See* Sept. 18, 2023 ECF Entry. On September 26, 2023, Petitioner

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 49.

[2] This case was initially assigned to the Honorable Andrew L. Carter, Jr.

informed the Court that he had been transferred to Woodbourne Correctional Facility and provided his new address for mailing.  ECF No. 50.  On October 2, 2023, Judge Parker notified Petitioner that she had issued the Report and that a copy had been "mailed to his prior address in Coxsackie."  ECF No. 51.  "Out of an abundance of caution and to ensure Petitioner ha[d] a copy of the Report," Judge Parker directed that the October 2, 2023 Order and a copy of the Report be mailed to Petitioner at his new Woodbourne address.  *Id.*  The docket reflects that this Order was mailed on October 3, 2023.  *See* Oct. 3, 2023 ECF Entry.  No objections to the Report were filed.

## II.   LEGAL STANDARDS

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  "When no objections are filed, the Court reviews [a Report and Recommendation] on a dispositive motion for clear error."  *See, e.g.*, *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010) (finding no clear error in Report and Recommendation, as to which no objections were filed, and adopting it in full); *accord Manbeck v. Micka*, 640 F. Supp. 2d 351, 361 (S.D.N.Y. 2009).  "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review.  As long as adequate notice is provided, the rule also applies to *pro se* parties."  *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (internal citations omitted); *see* ECF No. 49 at 46 ("The failure to file timely objections shall result in a waiver of those objections for purposes of appeal.").

2

### III.   DISCUSSION

As no objections were filed, the Court has reviewed the Report for clear error.  The Court finds that Judge Parker's well-reasoned Report is not facially erroneous.  Accordingly, the Court adopts the Report in its entirety and, for the reasons set forth therein, denies the Petition for a writ of habeas corpus and the Motion for summary judgment.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

### IV.   CONCLUSION

Accordingly, the Report is adopted in its entirety.  The Clerk of Court is directed to dismiss the Petition, deny the Motion for summary judgment, mail a copy of this Order to Petitioner, and close this case.

SO ORDERED.

Dated: February 23, 2024
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge